1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   DAVID N. ARMANI,

8                                   Plaintiff,                    CASE NO. C14-1175-RSM-MAT

9            v.

10  CAROLYN W. COLVIN, Acting                    REPORT AND RECOMMENDATION
    Commissioner of Social Security,             RE: SOCIAL SECURITY DISABILITY
11                                                APPEAL

                                    Defendant.
12

13        Plaintiff David N. Armani proceeds through counsel in his appeal of a final decision of

14  the Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15  denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an

16  Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative

17  record (AR), and all memoranda of record, the Court recommends that this matter be

18  REVERSED and REMANDED for further proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1979.[1]   He graduated from college in Lebanon and was

21  trained there as a paramedic, moved to the United States in 2010, and has worked in the United

---

22   [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
23   Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

States as a machine operator and a mover.  (AR 44-45, 47, 60-61.)

Plaintiff protectively filed an application for SSI on February 3, 2012, alleging disability beginning February 1, 2012.  (AR 86, 182-88.)  His application was denied at the initial level and on reconsideration, and he timely requested a hearing.  (AR 111-14, 118-26.)

On December 31, 2012, ALJ Ilene Sloan held a hearing, taking testimony from Plaintiff and a vocational expert.  (AR 39-85.)  On February 13, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 19-33.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review after reviewing additional evidence on June 16, 2014 (AR 1-7), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked after the application date.  (AR 21.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's cervical spine disc herniation at C5-6 and cervicalgia.  (AR 21-23.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

REPORT AND RECOMMENDATION
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: he can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds.  He can frequently crouch and occasionally crawl.  He can frequently handle and finger bilaterally.  He can perform occasional overhead reaching with his left arm.  He must avoid concentrated exposure to extreme cold, vibration, and hazards.  (AR 23-30.)  With that assessment, the ALJ found Plaintiff unable to perform his past relevant work.  (AR 30-31.)

At step five of the sequential evaluation, the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found Plaintiff capable of performing other jobs, such as telephone solicitor, hand packager, and cashier.  (AR 31-32.)  The ALJ thus found that Plaintiff was not disabled.  (AR 32-33.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred (1) at step three in finding that the evidence did not establish that Plaintiff met Listing 1.04C; (2) in discounting Plaintiff's credibility; and (3) in

REPORT AND RECOMMENDATION
PAGE - 3

1    assessing multiple medical opinions.  Plaintiff asks that the ALJ's decision be reversed and her

2    claim remanded for an award of benefits or for further proceedings, depending on which errors

3    are found by the Court.  The Commissioner argues the ALJ's decision is supported by substantial

4    evidence and should be affirmed.

5                                                New Evidence

6            Plaintiff's assignments of error depend to some degree on evidence submitted for the first

7    time to the Appeals Council, which was returned to Plaintiff and not incorporated into the

8    administrative record.  *See* AR 1-7; Dkt. 12, Exs. 1 & 2.  Thus, the Court considers this evidence

9    under sentence six of 42 U.S.C. § 405(g), to determine whether the new evidence is material to

10   the relevant period, whether there is a reasonable possibility that the new evidence would have

11   changed the ALJ's decision, and whether there is good cause for Plaintiff's not submitting the

12   evidence earlier.[2]  *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *Booz v. Sec'y of*

13   *Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

14           Although the new evidence post-dates the ALJ's decision, it is close in temporal

15   proximity and reflects Plaintiff's ongoing treatment of a condition of traumatic origin that

16   existed during the relevant period.  Plaintiff's post-decision test results allowed his providers to

17   compare his condition at that time to test results obtained during the relevant period, and thus at

18   least part of the relevant period is implicated.  *See* Dkt. 12, Exs. 1 & 2.  Thus, the Court is

19   satisfied that the new evidence relates to the time period before the ALJ and is therefore material.

---

20           [2] Although Plaintiff makes an alternative argument that the Court can evaluate the new evidence
     under sentence four (Dkt. 20 at 7 n.5), The Appeals Council's "consideration" of evidence is a term of art.
21   *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  The Appeals Council
     "considers" evidence if that evidence is added to the administrative record, and the evidence here was not
22   so incorporated.  *See Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1232-33 (9th Cir. 2011).
     Accordingly, the new evidence must be evaluated by this Court under the standards applicable to a
23   sentence-six remand.  *See Bustamante v. Colvin*, 2015 WL 136016, at *11-12 (D. Ariz. Jan. 9, 2015).

REPORT AND RECOMMENDATION
PAGE - 4

*See Martinez v. Astrue*, 2014 WL 310387, at *19 (N.D. Cal. Jan. 28, 2014).

There is also a "reasonable possibility" that the new evidence would have changed the ALJ's decision, because it may conflict with the ALJ's interpretation of the medical record, and may affect the ALJ's step-three findings as well. The ALJ found that the medical record indicated that Plaintiff's condition was not as severe as alleged (and not as limiting as opined by providers) because his condition improved with conservative treatment and his providers did not find that it warranted surgical intervention. (AR 25-29.) The new evidence suggests that Plaintiff's condition had not significantly improved, and reveals that his providers ultimately did recommend surgical intervention, shortly after the ALJ's decision. Dkt. 12, Exs. 1 & 2. Plaintiff underwent surgery in April 2013, and apparently returned to work later than year. Dkt. 12, Exs. 1 & 2; Dkt. 12 at 2 n.2.

Furthermore, Plaintiff has good cause for not submitting the new evidence earlier, because the evidence consists of treatment notes that post-date the ALJ's decision, and thus they were not available at an earlier time.

Because the new evidence is material and Plaintiff has good cause for not submitting it earlier, the Court concludes that the ALJ should be afforded the opportunity to reconsider her decision in light of the new evidence.

## CONCLUSION

For the reasons set forth above, the Court recommends that this matter should be REVERSED and REMANDED for further proceedings, under sentence six of 42 U.S.C. § 405(g).

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION
PAGE - 5

served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>June 5, 2015</u>**.

DATED this <u>19th</u> day of May, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6